[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Trumbull, Connecticut on July 4, 1971. There are two minor children issue of the marriage: Nicole, born August 31, 1978, and Jason, born April 26, 1981.
The marriage broke down irretrievably several years ago with no hope of reconciliation. It is dissolved. Both parties were at fault for the breakdown. It would serve little purpose to detail the problems in the marriage.
The parties shall have joint custody of the two minor CT Page 8952 children, who shall reside with the defendant. The plaintiff shall have reasonable and flexible visitation rights with the minor children. The defendant shall make all daily and routine decisions concerning the minor children. She shall have all information reasonably necessary to make major decisions, and the parties shall attempt to agree on all such major decisions affecting the health, education and welfare of the minor children, but in the event they are unable to agree, the defendant shall make the decision and the plaintiff shall have the right to submit the issue to any court of competent jurisdiction in Connecticut for final determination.
Commencing on the date of dissolution, the plaintiff shall pay to the defendant as child support for the minor children the sum of $200 per week per child. The plaintiff also shall pay to the defendant as alimony the sum of $300 per week until the death of either party, the defendant's remarriage or cohabitation by her within the meaning of the statute.
The plaintiff shall maintain all existing medical, dental and hospital insurance, or the equivalent, for the benefit of the minor children.
The plaintiff shall cooperate with the defendant in connection with obtaining medical insurance benefits under the Consolidated Omnibus Budget Reconciliation Act of 1985, so that the Defendant may continue the present coverage at her expense for a period of three (3) years from the date of the dissolution.
The parties shall share equally the cost of each minor child's reasonable uninsured medical, optical (includes visual therapy), surgical, hospital, psychiatric, psychological (includes counseling), and nursing expenses, the cost of prescription drugs, and dental and orthodontia expenses.
The plaintiff shall provide the defendant with (1) a description of each medical and dental insurance policy providing coverage for each minor child, or the coverage provided by such policies (2) with identification cards (if applicable) and (3) with all forms necessary to process claims, other than forms which the defendant is to obtain from doctors and dentists. The defendant shall cooperate promptly in obtaining bills or other documentation for insurance reimbursement.
On the date of dissolution, the plaintiff shall convey to the defendant all his right, title and interest in and to the marital CT Page 8953 residence located at 494 Orange Center Road, Orange, Connecticut. Until a judgment of dissolution is entered, the defendant shall have the right to exclusive possession of the residence. The property is currently encumbered by a mortgage with an approximate balance of $72,000.00. The defendant shall thereafter be responsible for the mortgage, real estate taxes, and all other liabilities and expenses thereon, and she shall hold the plaintiff free, harmless and indemnified from all liabilities and encumbrances incurred in connection with the marital residence.
The plaintiff attached to his Claim For Relief dated July 23, 1992 a Schedule A entitled "Property to be retained by Allen Samuel". A copy of that Schedule A was admitted in evidence, marked Defendant's Exhibit 8. During the trial the items on that exhibit were marked. If there is no marking the item becomes the plaintiff's property. If the item received a check mark, the item becomes the defendant's property. Any item marked with a star and a check mark was disputed. The court rules as to each disputed item as follows:
Oak Wall Unit — granted to the defendant
 Leroy Neiman serigraph — granted to the plaintiff
 All manual and power tools — The snake, hammer, screw drivers, electric drill, electric saw, and trouble light extension are granted to the defendant.
Lawn Mower (18" Torro) — granted to the defendant
Weedwacker (gas operated) — granted to the defendant
Hedgetrimmer (electric) — granted to the defendant
Lawn sweeper (gas operated) — granted to the defendant
Any item of personal property located at 494 Orange Center Road, Orange not hereinbefore mentioned shall be the defendant's property. Any items belonging to the plaintiff shall be removed from the marital property as soon as possible after the date of this memorandum of Decision.
The plaintiff shall maintain the Term Mortgage Insurance on CT Page 8954 his life, relating to the marital residence, for as long as he is obligated to make child/support and/or alimony payments.
The plaintiff shall convey title of the 1990 Ford Taurus Wagon to the defendant, within ten (10) days from the date of the dissolution, and she shall then be responsible for all liabilities thereon, with the exception of the auto loan, and she shall hold the plaintiff free, harmless and indemnified from any and all such liabilities.
The plaintiff shall retain ownership of his 1987 Ford Taurus Sedan, and he shall be responsible for all liabilities thereon, and he shall hold the defendant free, harmless and indemnified from any and all such liabilities.
Each party shall retain sole ownership of his or her stocks as listed on their financial affidavits.
The parties shall equally divide the savings bonds which they own jointly, on the date of dissolution.
The Custodial Accounts and Savings Bonds listed as Schedule "A" attached to the Defendant's Financial Affidavit shall remain in the Wife's name.
The joint savings accounts in the New Haven Savings Bank shall be divided as follows: 2/3 to the plaintiff, in the approximate amount of $78,000 and 1/3 to the defendant in the approximate amount of $29,000.
The plaintiff shall retain sole ownership of his DOW-UT 401K Plan, with an approximate balance of $76,000, and the defendant shall make no claim to it or his pension.
The Defendant shall retain sole ownership of her State Teacher's Retirement with an approximate balance of $32,202.79, and the plaintiff shall make no claim to it.
Each party shall be responsible for their respective liabilities, including, but not limited to, those listed on their financial affidavits submitted on the date of dissolution, except as listed herein, and they shall hold each other free, harmless and indemnified from any and all such liabilities.
The plaintiff shall be entitled to all available deductions CT Page 8955 attributable to the mortgage interest and real property taxes for the residence located at 494 Orange Center Road, Orange, Connecticut which he has paid during the year 1992.
Each party shall retain sole ownership of his or her stocks as listed on their financial affidavits.
The parties shall equally divide the savings bonds with they own jointly, on the date of dissolution.
Each party shall pay for their own legal expenses.
In the above rulings, the court has attempted to divide the liquid assets of the parties so that each party will receive approximately the same amount as the other. Also the court has attempted to impose on the plaintiff no liability beyond that which he reasonably can pay considering his financial status. This court made no ruling concerning defendant's claim in Paragraphs 10 and 12 of her Claims For Relief as there was no evidence presented as to the cost of those claims.
THOMAS J. O'SULLIVAN, TRIAL REFEREE